IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLENARD CEBRON WADE,<br><br>    Petitioner,<br><br>vs.<br><br>GARY SWARTHOUT,<br><br>    Respondent. | No. C 13-4666 JSW (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, filed two habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction and sentence. The petitions were consolidated, and Petitioner was granted leave to file an amended petition containing all of his claims and curing the deficiencies in those claims. Petitioner has timely filed an amended petition. For the reasons described below, two claims are dismissed and Respondent is ordered to show cause why the petition should not be granted based upon Petitioner's other claims.

## BACKGROUND

In 2009, Petitioner was convicted in Contra Costa County Superior Court of grand theft, false imprisonment, assault with a deadly weapon and various sentence enhancements. The trial court sentenced him under California's "Three Strikes Law" to

1 | a term of 33 years and eight months to life in state prison. The California Court of
2 | Appeal affirmed the judgment on appeal, and the California Supreme Court denied a
3 | petition for review. Habeas petitions filed by Petitioner in the Contra Costa County
4 | Superior Court, the California Court of Appeal, and the California Supreme Court were
5 | denied.

## DISCUSSION

I. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. Legal Claims

Petitioner's first, fourth, and fifth claims, when liberally construed, assert failures by his appellate counsel. Claims of ineffective assistance of appellate are cognizable on federal habeas review. Petitioner's sixth claim asserts that a state appellate court judge committed "extrinsic fraud" in upholding errors by his appellate counsel, and that he did so because he and Petitioner's trial judge are "very close colleagues." This claim can be liberally construed to assert a claim of judicial misconduct in violation of Petitioner's right to due process.

Petitioner's second claim is that one of his "strikes," a prior conviction under California Penal Code § 245, does not qualify as a "strike" under California law. His third claim is that his prior convictions were not verified and authenticated by the California Department of Corrections and Rehabilitation, as required by California law. Federal habeas relief is not available for violations of state law, only for a violation of federal law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011). Petitioner was

informed of this when the petition was dismissed with leave to amend, and he was instructed to assert a violation of federal law in his amended complaint. With these two claims, he has not done so. They will be dismissed.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Claims two and three are DISMISSED.

2. The Clerk shall mail a copy of this order and the **amended petition**, and all attachments thereto, to Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable above. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28)** days of the date the answer is filed.

3. Respondent may, within **ninety-one (91) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice

3

1 | of Change of Address." He must comply with the Court's orders in a timely fashion.
2 | Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
3 | to Federal Rule of Civil Procedure 41(b).
4 |     IT IS SO ORDERED.
5 | DATED: 2/6/14

JEFFREY S. WHITE
United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLENARD CEBRON WADE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FAULK et al,<br><br>　　　　Defendant.　　　　　　／ | Case Number: CV13-04666 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 6, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clenard C. Wade
AA7245
HDSP
P.O. Box 3030
Susanville, CA 96127

Dated: February 6, 2014

　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　By: Lisa R Clark, Deputy Clerk