UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLENARD C. WADE,
    Petitioner,

v.

FRED FOULK, et al.,
    Respondents.

Case No. 13-cv-04666-VC

**ORDER DENYING MOTION FOR RELIEF UNDER RULE 60**

Re: Dkt. No. 14

Clenard Cebron Wade, a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the state criminal conviction and sentence he received in Contra Costa County Superior Court case number 05-0803619. Wade also filed a petition for a writ of habeas corpus in case number C 13-4636 TEH (PR) asserting claims arising from the same Contra Costa County Superior Court case number 05-0803619. On June 17, 2014, the Court administratively closed this case without prejudice to Wade's filing a motion to add the claims asserted in this case in case number C 13-4646 TEH (PR). On July 7, 2014, Wade filed a notice of appeal which cited Federal Rule of Civil Procedure 60(b)(6). On September 12, 2014, the Ninth Circuit Court of Appeals issued an order directing this Court to determine whether Wade's July 7, 2014 filing is a Rule 60(b) motion and, if it is, to issue a ruling on it.

The Court finds that Wade's notice of appeal also included a motion under Rule 60(b)(6) for relief from an order of the court and, for the reasons stated below, denies it.

In his motion, Wade argues that it was proper for him to file separate petitions arising from the same state court case because he is challenging two different sentences imposed by that court. He cites this Court's form for a petition for a writ of habeas corpus, which states, "If your petition

challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence." Habeas form at 2, ¶ 2. The Court does not interpret this language to mean that petitioners must file separate petitions pertaining to each sentence for offenses tried in the same proceeding in state court.[1] This interpretation would involve a duplication of judicial resources and, as in this case where the petitions are before different judges, the potential for different rulings on the same or similar claims. Furthermore, the Court notes that, in its February 6, 2014 Order of Partial Dismissal and to Show Cause, the Court dismissed Wade's second and third claims pertaining to his prior convictions because they were based on state law, not federal law, and found cognizable claims of ineffective assistance of appellate counsel and judicial misconduct. Thus, it appears that Wade's claims based on his sentence have been dismissed and the remaining claims are based on the proceedings at his trial and his appeal. In the Order to Show Cause in case number C 13-4636 TEH (PR), the Court found cognizable claims of ineffective assistance of appellate counsel and judicial bias. *See* Doc. No. 12 at 3. At this point, the Court cannot determine whether the claims in the two cases arise from the same facts or from different facts. In any event, adjudicating them in the same case would be prudent.

The fact that the Court administratively closed this case without prejudice to Wade filing a motion to add these claims to case number C 13-4636 TEH (PR), means that his claims were not dismissed, denied or ruled on in any manner. It only means that Wade must bring them in one petition before one judge.

**CONCLUSION**

Based on the foregoing, the Court orders as follows:

1. Wade's Rule 60(b)(6) motion for relief from the Court's order administratively closing this case without prejudice to filing a motion to add claims in case number C 13-4636 TEH (PR) is denied.

---

[1] The Court notes that Rule 2(e) of the Rules Governing Section 2254 Cases provides, "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." However, Wade is not filing petitions from judgments of more than one state court; therefore, this rule does not apply to this case.

2. This Order terminates docket number 14.

3. The Clerk of the Court shall send a copy of this Order to the Ninth Circuit Court of Appeals and to District Judge Thelton Henderson.

**IT IS SO ORDERED.**

Dated: October 6, 2014

_____
VINCE CHHABRIA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLENARD C. WADE,<br><br>    Plaintiff,<br><br>    v.<br><br>FRED FOULK, et al.,<br><br>    Defendants. | Case No. 13-cv-04666-VC<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 10/6/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clenard C. Wade ID: AA7245
High Desert State Prison A2-221L
P.O. Box 3030
Susanville, CA 96127

Dated: 10/6/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA

4